# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIO BLACKWELL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-13-1317-D |
| | ) |
| GARFIELD COUNTY JAIL, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Mario Blackwell, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Following examination of Mr. Blackwell's habeas corpus petition ("Petition," Doc. No. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules"), the undersigned recommends that the Petition be dismissed for failure to exhaust available state judicial remedies and, in part, for challenging a purely state-law issue.

## BACKGROUND

*A. Relevant Facts*[1]

In July 2006, Petitioner was charged with first-degree rape in *State of Oklahoma v. Blackwell*, No. CF-2006-417 (Garfield Cnty. Dist. Ct.). This charge was amended to

---

[1] Although in his Petition Mr. Blackwell provided only minimal information regarding the relevant state-court proceedings, the undersigned takes judicial notice of the procedural history of these proceedings by reference to the publicly available dockets on the Oklahoma State Courts Network, http://www.oscn.net.

second-degree rape and later to child abuse, and Petitioner ultimately pleaded guilty. Petitioner received a five-year deferred sentence in August 2007. Within a few months, however, the State filed an application to accelerate his deferred sentence, and bench warrants were issued on this application and for Petitioner's failure to pay costs to the court. In September 2009, Petitioner stipulated to the State's application, and his sentence was accelerated to five years suspended (rather than deferred), to run concurrently with a sentence Petitioner was serving on another Garfield County criminal conviction, in Case No. CF-2006-517.

In July and September 2012, bench warrants were again issued for Petitioner's failure to pay in both No. CF-2006-417 and No. CF-2006-517. In June 2013, the State filed an application to revoke Petitioner's suspended sentence in No. CF-2006-417, and another bench warrant was issued. These three bench warrants were returned on or about September 5, 2013, when Petitioner appeared in Garfield County District Court for his initial appearance on the application to revoke and was taken into custody at Garfield County Jail.[2] On September 9, 2013, Petitioner pleaded not guilty on the application to revoke, and a revocation hearing was set for September 24, 2013.

On September 19, 2013, Petitioner appeared with his court-appointed counsel, and the docket notes: "DEFT WAIVED HEARING W/IN 20 DAYS." Petitioner appeared again with counsel on October 22, 2013, and the revocation hearing was continued to

---

[2] The docket for Case No. CF-2006-417 shows that Petitioner was incarcerated in McCurtain County for some time period during the pendency of the application to revoke, as he was transported from a facility in McCurtain County to Garfield County in September 2013.

2

November 4, 2013. The state court also ordered that a different attorney be assigned to Petitioner as his court-appointed counsel. Petitioner appeared with his new counsel on November 4, 2013, and the revocation hearing was continued "BA"—i.e., by agreement of the parties—to December 9, 2013. On that date, the revocation hearing was set and remains scheduled for January 24, 2014.

Mr. Blackwell filed his Petition in this Court on December 13, 2013. He represents in his Petition that he currently is being held illegally in Garfield County Jail awaiting his revocation hearing. *See* Pet. at 1, 5.

*B. Petitioner's Claims*

Mr. Blackwell claims that he is entitled to habeas relief and release from prison[3] on the following grounds:

1. Ground One: Delay of over two months for his revocation hearing, constituting a denial of his "45 days," *see id*. at 5;[4]

2. Ground Two: Violation of his Sixth Amendment rights because his two attorneys "lied to [him]," did not explain anything to him, and told him to go along with what they said and that he did not need to be worried at all, *see id*. at 6-7;

3. Ground Three: Lack of evidence for his conviction on the charge of child abuse—a charge that he "took" as a result of being persuaded and lied to, *see id*. at 8.

---

[3] Mr. Blackwell additionally asks for all jail fines to be dropped and that he be awarded $30,000 for pain and suffering. *See* Pet. at 14. Requests for relief other than release from confinement are not cognizable in a habeas proceeding. *Parkhurst v. State of Wyo.*, 641 F.2d 775, 776 (10th Cir. 1981). This request also appears to be duplicative, as Mr. Blackwell is currently seeking money damages and a withdrawal of his fines in a 42 U.S.C. § 1983 lawsuit in this Court against Garfield County Jail and various officials. *See* Case No. CIV-13-1230-F (filed Nov. 19, 2013).

[4] References to filings in this Court use the ECF pagination.

3

ANALYSIS

Pursuant to Rule 4 of the Section 2254 Rules, the Court "must dismiss" a habeas corpus petition if it "plainly appears" that the petitioner is not entitled to relief in the district court.[5] Here, the Petition on its face shows that Petitioner has not exhausted available state remedies with respect to any of his three Grounds, as is required for a federal court to grant habeas relief. In addition, Petitioner's first ground for relief—the purported delay in his revocation hearing being conducted—also is subject to dismissal because this claim concerns solely an issue of state law and does not state a constitutional violation upon which federal habeas relief can be granted.

    *A. Petitioner's Failure to Exhaust Available State Judicial Remedies*

Before a federal court may grant habeas relief to a state prisoner-petitioner, the prisoner must either exhaust his or her remedies in state court or demonstrate the (1) absence of available state corrective process, or (2) the existence of circumstances rendering the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). "The exhaustion requirement is satisfied if the

---

[5] The Court may sua sponte dismiss a petition for failure to exhaust state court remedies when the failure is "clear from the face of [the] petition." *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009). Petitioner's right to object to this Report and Recommendation accords Petitioner with the requisite "fair notice" and opportunity to present his position. *See id.* at 1203; *cf. Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (finding no "due process problem" when magistrate judge raised timeliness issue sua sponte and petitioner could "address the matter by objecting" to the recommendation).

issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

Petitioner repeatedly concedes that he has not appealed, sought post-conviction relief, or otherwise requested further review of his initial criminal conviction or regarding any of the issues or grounds claimed for relief in the Petition at any time. *See* Pet. at 2-4, 5-6, 7-8, 9, 11-13 (explaining he has not appealed or raised any of these issues through a post-conviction proceeding and that such options are "N/A" because Petitioner is "still going to court on this case"). Nor is any kind of appeal or post-conviction application reflected on the trial or appellate court dockets on the Oklahoma State Courts Network. Although Mr. Blackwell has filed a motion for discovery in Case No. CF-2006-417, neither Mr. Blackwell nor his attorney has moved to dismiss the State's pending application to revoke, or filed any other sort of request for the trial court's relief, regarding his revocation hearing or any alleged delay in holding that hearing.

Oklahoma law provides for a right of appeal and an opportunity to seek post-conviction relief (including following a guilty plea), appeals from post-conviction rulings, and a remedy made available through the writ of habeas corpus in the state courts. *See, e.g.*, Okla. Stat. tit. 22, §§ 1051-1079, 1080-1088.1; Okla. Stat. tit. 12, § 1331. Although the time for Petitioner to appeal his original conviction and sentence

possibly has expired,⁶ Oklahoma also provides an avenue to pursue an out-of-time criminal appeal by following specific procedures and satisfying certain prerequisites. *See Blades v. State*, 107 P.3d 607, 608 (Okla. Crim. App. 2005); *Lewis v. State*, 21 P.3d 64, 65 (Okla. Crim. App. 2001); Okla. Ct. Crim. App. R. 2.1(E). In addition, "[a]ny order of the court revoking the suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases." Okla. Stat. tit. 22, § 991b(D); *see also* Okla. Ct. Crim. App. R. 1.2(D)(4).

Petitioner has not pursued or attempted to pursue any state-level avenues to relief, and thus the Petition has not shown or even contended that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B). Consequently, it is clear on the face of the Petition that all three of Petitioner's habeas corpus claims are unexhausted. The Petition should be dismissed without prejudice to refiling following exhaustion of state-court remedies. "Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) (ordering an entirely unexhausted petition dismissed rather than stayed).⁷

---

⁶ Because Mr. Blackwell would not be entitled to federal habeas relief even if his claims were timely, the Court need not decide whether the claims of the Petition also are time-barred under 28 U.S.C. § 2244(d)(1).

⁷ Unpublished Tenth Circuit opinions are cited for their persuasive value pursuant to Tenth Circuit Rule 32.1(A).

*B. Petitioner's "Forty-Five Day" Argument Raises Only a State-Law Claim*

Even if Petitioner's first ground for relief were not barred as a result of his failure to exhaust, that ground should be dismissed for raising an issue of state law not cognizable on federal habeas review. Petitioner sets forth as Ground One and its supporting facts:

> Petitioner was denied my 45 days for revocation hearing.
>
> I was denied my 45 days on my hearing for my revocation hearing. It's going over two months and I still have not had it. I had a public defender that was not trying to make sure I was given proper justice.

*See* Pet. at 5.

Liberally and reasonably construed, Ground One is a reference to Title 22, Section 991b of the Oklahoma Statutes, which governs the time within which a hearing to determine an application to revoke suspended sentences must be held. Section 991b provides, in relevant part:

> Whenever a sentence has been suspended by the court after conviction of a person for any crime, **the suspended sentence of the person may not be revoked, in whole or part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of the suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the entry of the plea of not guilty to the petition, unless waived by both the state and the defendant**. The State of Oklahoma may dismiss the petition without prejudice one time upon good cause shown to the court, provided that any successor petition must be filed within forty-five (45) days of the date of the dismissal of the petition.

Okla. Stat. tit. 22, § 991b(A) (emphasis added).

Here, it is the 20-day deadline for initial applications, rather than the 45-day deadline for successor applications, that is relevant—the initial and only application to revoke filed by the State is still pending and set for hearing on January 24, 2014. The 20- or 45-day distinction is immaterial, however, for several reasons. First, the docket reflects that on September 19, 2013, Mr. Blackwell, appearing with his attorney, "WAIVED HEARING W/IN 20 DAYS" and that the hearing since has been continued by agreement of the parties. Petitioner does not allege otherwise except perhaps by implication. "[A] defendant cannot acquiesce in the delay of a hearing and/or participate in the continuance of a hearing and then claim that he is entitled to relief because the court did not abide by the 20-day time limitation." *Grimes v. State*, 251 P.3d 749, 753 (Okla. Crim. App. 2011).

Next, assuming for the present that Petitioner did not validly agree to waive his right to have the hearing within 20 days of the September 9, 2013 entry of his plea (or the Petition is referring to a different Oklahoma requirement to hold the hearing within 45 days of that plea), Petitioner's argument implicates only issues of state law. To justify federal habeas relief, Petitioner must show that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[8] Federal

---

[8] Although Mr. Blackwell's Petition seeks habeas relief pursuant to 28 U.S.C. § 2254, his first ground for relief may implicate 28 U.S.C. § 2241 to the extent his Petition challenges the manner in which his sentence is being executed, rather than the legality of his original conviction and the suspended sentence currently being served. *See Stoltz v. Sanders*, Nos. 00-6188, -6288, 2000 WL 1730894, at *1 (10th Cir. Nov. 22, 2000); *Morales v. Jones*, No. CIV-08-1283-C, 2009 WL 2244899, at *3 (W.D. Okla. July 27, 2009). Even so construed, the Petition nevertheless should be dismissed. First, Rule 4 of the Section 2254 Rules may be applied in the Court's discretion to actions brought

habeas relief is unavailable for violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In other words, Mr. Blackwell has no recourse through a federal habeas corpus proceeding if the State of Oklahoma has violated its own laws, unless the State's actions rise to the level of a federal constitutional violation.

The contours of Mr. Blackwell's federal constitutional rights are defined by federal law, and the procedures guaranteed by the Due Process Clause of the Fourteenth Amendment in the revocation of a suspended sentence are those established in *Morrissey v. Brewer*, 408 U.S. 471, 480-90 (1972). *See Wrone v. Anderson*, 478 F.2d 291, 293 (10th Cir. 1973); *Bumgarner v. Middleton*, No. 94-7003, 1995 WL 275718, at *1-2 (10th Cir. May 10, 1995); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782-86 (1973) (adopting *Morrissey* in probation revocations). A defendant facing revocation of a suspended sentence "is not entitled to the full panoply of rights he would receive when subject to criminal prosecution." *Bumgarner*, 1995 WL 275718, at *1 (citing *Morrissey*, 408 U.S.

---

pursuant to 28 U.S.C. § 2241. *See* R. 1(b), S. 2254 Rules; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005). Next, while Section 2241 does not contain an express exhaustion requirement, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973) (holding pretrial detainee was entitled to raise a speedy trial claim under § 2241 when, *inter alia*, he had exhausted all available state remedies). As noted above, Petitioner has not availed himself of any state corrective process. Finally, the Tenth Circuit in *Stoltz* explained that the legal reasoning the district court applied pursuant to § 2254 in denying a petitioner's challenge to the revocation of his suspended sentence—the lack of any constitutional claim, as in the instant case —"applies equally for the denial of [the petitioner's] claim under § 2241." *Stoltz*, 2000 WL 1730894, at *1. As with § 2254, federal habeas relief does not lie pursuant to § 2241 for violations of state law; habeas relief may be granted to a state prisoner under § 2241 only if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

at 481, 489). *Morrissey* prescribes "an informal hearing," subject to "the minimum requirements of due process,"[9] which must be conducted "within a reasonable time after the [defendant] is taken into custody." 408 U.S. at 484, 488-89 (noting that a lapse of two months "would not appear to be unreasonable"). *Morrissey* does not establish a right to a revocation hearing within a set number of days of a defendant's plea. Further, an alleged delay violates Mr. Blackwell's federal constitutional rights only if it prejudices his ability to challenge the revocation charges. *See United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996); *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977).

The complaint in Ground One is directed only to the denial of Petitioner's "45 days"; the Petition contains no allegation that Mr. Blackwell is not receiving or will not receive the procedural safeguards he is due under *Morrissey* and *Gagnon*. *See* Pet. at 5. This Court has previously recognized that a "conclusory assertion" of undue delay of a revocation hearing does not support the grant of federal habeas relief. *See Stoltz v. Sanders*, No. CIV-99-1035-R (W.D. Okla.) (Report and Recommendation of Apr. 27, 2000 ("Stoltz R&R"), Doc. No. 11)), *adopted*, Order of May 24, 2000 (Doc. No. 13), *and appeal dismissed*, 2000 WL 1730894 (10th Cir. Nov. 22, 2000). In *Stoltz*, the state prisoner claimed he was entitled to habeas relief because the State of Oklahoma unduly delayed his revocation hearing in violation of Oklahoma law and the United States Constitution. *See* Stoltz R&R at 3. The district court summarily dismissed this claim,

---

[9] Oklahoma's statutory requirements appear in Title 22, Section 991b of the Oklahoma Statutes, alongside the 20-/45-day time limit discussed above. *See, e.g.*, Okla. Stat. tit. 22, § 991b(D) ("The person whose suspended sentence is being considered for revocation shall have the right to be represented by counsel, to present competent evidence in his or her own behalf and to be confronted by the witnesses against the defendant.").

reasoning that: (1) the alleged delay violated the federal constitution only if it prejudiced the petitioner's ability to challenge the revocation charges; and (2) even if the delay violated Oklahoma law, the claim involved only issues of state law and would not support federal habeas relief. *See* Stoltz R&R at 13; *Stoltz*, Order of May 24, 2000. The Tenth Circuit dismissed the petitioner's appeal, agreeing with the district court's "well-reasoned assessment" and finding that the petitioner failed to make a substantial showing of the denial of a constitutional right. *See Stoltz*, 2000 WL 1730894, at *1.

Here, likewise, there is no indication or contention of prejudice in the Petition. Indeed, the state court docket reflects that the continuance of the revocation hearing has allowed Petitioner an opportunity to seek discovery from the State. Because "the defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation," *Throneburg*, 87 F.3d at 853, even assuming a violation of state law there is no constitutional dimension to Ground One and thus no cognizable federal habeas corpus claim. *Accord* Stoltz R&R at 13-14 & n.8; *Butler v. Parker*, No. CIV-11-240-D, 2012 WL 10524, at *1 (W.D. Okla. Jan. 3, 2012) (order denying habeas corpus relief when petitioner alleged a due process right to procedures prescribed by Okla. Stat. tit. 22, § 991b); *Fondren v. Mullins*, No. CIV-08-1161-F, 2009 WL 223418, at *3-4 (W.D. Okla. Jan. 29, 2009) (same).

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Mr. Blackwell's "Petition Under § 2254 for Writ of Habeas Corpus" (Doc. No. 1) be dismissed without

prejudice upon preliminary review for failure to exhaust available state court remedies and, in part, for seeking relief on a purely state-law issue. If this recommendation is adopted, the undersigned further recommends that Petitioner's application for leave to proceed *in forma pauperis* (Doc. No. 2) be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 22, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 8th day of January, 2014.

_____

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE